Cheryl A. Milton and Ricky D. Milton,

Debtors


Jeffery Orenstein, Michael G. Wolff,  the

Attorney for the Trustee, and Trustee,

Plaintiff

$0·00
#20114335

v.                                                    Bankruptcy Case No 18-13187-LSS, Chapter 7,

(Adversary No: 20-0135-LSS)


Patricia V. Wood, Co-Owner of the Property,

Defendant


### APPEAL THE DECISION JUDGEMENT OF THE ADVERSAR CASE NO: 20-0135-LSS, THAT WAS ESTABLISHED ON APRIL 28, 2021, TO SELL PROPERTY,


I Patricia V. Wood the defendant and co-owner of the property, on May 28, 2021, am submitting this request for an Appeal of the Judgement decision in favor of the Trustee of Bankruptcy case 18-13187-LSS Michael Wolff, to sell the property located at 711 Otis Place NW Washington DC 20010, to satisfy the remaining debt of 44,000.00 of the debtor Cheryl A. Milton and Ricky D. Milton Bankruptcy Case 18-13187-LSS.

I appeal the court's decision Judgement, and request an examination and consideration of the extreme circumstances of which the defendant, Patricia V. Wood has faced with regard to unsurmountable difficulties that included the strain and stress of her physical body having been ill with COVI-19, the inability to obtain affordable legal counsel to represent her during the Pandemic nationwide closings, the lack of income and resources due to loss of employment that have led to her present state of not being able to pay the $44,000.00 remaining debt of the Bankruptcy case of Cheryl A. Milton and Rick D. Milton.  I Patricia V. Wood, request that the court examine and consider of the extreme circumstances that the defendant was forced to surccome to of which the court would have to reconsider that the circumstances that have occurred have occurred as a result occurrences that were not of the fault of the defendant  or caused by the defendant.  This consideration and examination would also established the defendant although not the debtor, but instead a responsible and citizen that was amid

reestablishing herself by becoming reemployed and continuing to position herself to pay the outstanding debt.   It was the defendant, Patricia V. Wood, that initiated and attempted to begin negotiations with the Michael Wolff, the plaintiff through his attorney Jeffery Orenstein by making contact in January 2020 and providing notice of her intent to pay the debt and to establish a plan to work towards settlement of the the debt as she reestablished herself by becoming reemployed just prior to the Pandemic.  However, the Pandemic happened and created an environment of cause and effect that change the face of our entire country.   Nevertheless, it was during the onset of the Pandemic, that the attorney and Trustee initiated a complaint against the defendant, Patricia V. Wood on April 26, 2020, of which within days of the receipt of the notice of the complaint, Ms. Wood found it difficult to contact the Bankruptcy court in Greenbelt because of the our nation had begun a nation-wide shut down due to the pandemic.  It was within one week of the date of the complaint that the nation shut down due to the Pandemic and the spread of COVID-19.

However,  on April 28, 2021, the court without consideration of the Pandemic shut down or the consideration or examination of the defendants' circumstances, conducted a hearing that resulted in unfair due process of court proceedings (that gave no consideration to the defendant or the defendant's unforeseen circumstances) or the detriment that the sale and loss of her family home and residence would force upon the defendant, and thus instead it lacked judiciary equality for both the Defendant and the Plaintiff in the case.  The defendant would lose a home that amidst her circumstance would be impossible to regain a home of equality in value and in family which would allow the defendant to the ability continue to reestablish herself and continue with her plan to pay the debt.  Thus, I Patricia V. Wood ask that the court examine and consider that the force sale would make the circumstance of the defendant worst by creating circumstance and situation to cause the defendant without a steady income, to become homeless, because she would not be able to acquire a residence of equal security of not having a mortgage, to support her current circumstance and continued wellbeing beyond the sale of the home.   This is the reason that the defendant paid the remaining debts owed on the property in order to reposition herself to become reemployed in her career field once she found that obtaining a secure position may be a little more difficult that she initially planned.  Thus, the defendant request that court reexamine the decision Judgement to sell her residence and to provide equal examination of  the defendants circumstance as with the plaintiff.  The court's examination, the decision and the ruling stated the perspective of the Plaintiff and thus his standing without, however the defendant ask only that the court give equal consideration for the wellbeing of the defendant which has been intrinsically affected by the Pandemic both physically through contracting the virus and societally by the shut-down that contributed to the lack and loss of resources.  The no consideration of the affect of the COVID-19 Pandemic has therefore created an imbalanced in the judicial proceeding and the trail hearing that was in favor of the Plaintiff but equally unfavorable for the defendant.

Ms. Patricia V. Wood, submitted three requested for continuances requesting that the court consider the affects of the Pandemic and it effect on her, (and submitted request for additional time to heal from the virus, prepare and obtain legal representation), to due to having contracted

COVID-19, having residual health difficulties from the virus, the loss of employment and the lack of resources due to shut downs, and due to becoming unemployed. However, in every instance the defendants attempt to spell out the difficulties that she faced in the request to the court, were denied and not considered. Thus, Ms. Wood was faced with extreme circumstances that affected her health, and total wellbeing to reestablish her life, as well as her ability to obtain legal representation for the court hearing that threatened the loss of her only residence. Thus, without employment, continuing to experience residual health problems from the virus and the lack of resources, I Patricia V. Wood was forced to participate in a judicial hearing trail that determined whether my residence would be placed in a forced sale from a bankruptcy debt that belong to my employed sister and retired husband, both who currently have incomes. A residence, I Patricia V Wood have struggled to maintain in the midst of attempting to become reemployed in my established career field. I Patricia V. Wood, have sacrificed and live very modest lifestyle to maintain a good credit portfolio to become reemployed in my career field which requires a "Security Clearance" and responsible financial behavior.

Nevertheless, the response from the court and Judge regarding my request appeared to be not concerned with my having contracted the virus and thus, I Patricia V. Wood was unsuccessful in getting this court to grant a continuance to delay a trail to be able to have time to heal from the virus, and to delay the hearing that threatened the force sale of my home in the midst of the deadliest and most contagious viruses Pandemics that this county has ever faced, I the defendant did not get consideration, even after I reported to the court that I contracted the virus and that I continued to have residual health problems from the virus. The courts request to obtain a written explanation of the residual effects of contracting the COVID-19 virus could not be provided until the defendant Patricia V. Wood had an opportunity for an in person visit to the defendant's physician. It was due to the defendant state of continue to suffer residual effects from the virus, and the fear of reinfection and unknown contamination, that the defendant was in fear of taking the risk to visit the doctor's office while having continued health problems from the virus that it was difficult to obtain a written document during the established period from the defendant's physician. The defendant explains to the court that the only physician contact that the defendant had was over the telephone since contracting the virus and the defendant did not feel well enough to go to the physician's office to obtain a written explanation of the defendant's health. It was the due to the grave experience of the virus and the unknown effects of the impact of the virus that the defendant was in fear of leaving the home and going to a hospital for an examination, because the virus was still actively affecting the defendant. The defendant explained that she was still experiencing residual health problem from the virus, while in attendance at the April 15, 2021 hearing. The court continued not to consider the defendant having experience the COVID-19 virus and the affects thereof.

The court's ruling in this case was also not in consideration of both parties equally, the Defendant and the Plaintiff, because the court considered and ruled that the Plaintiff had waited a sufficient amount of time which was one year from the date of the complaint April 26, 2020, without any consideration to the defendant or the fact that the complaint was establish one week prior to the nationwide shutdown due to the Pandemic in which, the entire nation including the

defendants city of residence, Washington DC and the Maryland Prince Georges County, Greenbelt Bankruptcy Court was force to shut down and operate in accordance to health requirements and regulation that were being determined daily due to the spread of the virus and the deaths associated with the virus. The defendant who was unemployed but seeking employment and seeking legal Pro Bono representation was placed at a grave disadvantage because the Pandemic shutdown caused most Pro Bono services that were available become very scarce and exceedingly difficult to obtain for the defense of an area of litigation for Adversary Bankruptcy case with the unique circumstances of this case. All previous walk-in legal assistance establishments were closed without redesignation for operation.

The defendant, Patricia V. Wood request that the court establishes an consideration and examination for the defendant, Patricia V. Wood in the case that is equal to and abiding to the wellbeing of the defendant as the court did during the hearing and the trail for the Plaintiff. The defendant, Patricia V. Wood ask that the court consider all the extenuating circumstances that require consideration during a nationwide Pandemic. Thus, the defendant Patricia V. Wood request to Appeal the current decision Judgement to Sale the property located at 711 Otis Place NW Washington DC 20010, in favor of the Plaintiff, Mr. Michal Wolff. The defendant ask that the court examine and consider the wellbeing of the defendant and establish a decision that would not place the defendant's wellbeing in a state of detriment, the defendant request that the court consider the state of every possible circumstance including the effects of living amidst a Pandemic and contracting the COVID-19 virus, without an established income, and permit the time required that is of equal judiciary standing for both defendant and the plaintiff, and that would be of non-detriment to the co-owner, and resident of the property that will not cause the defendant to lose her current residence to pay the creditors of the Plaintiff a the liability amount of $44,000.00 debt that is not of equal value to create the sale of the home.

Cheryl A. Milton and Ricky D. Milton,

Debtors

Jeffery Orenstein, Michael G. Wolff,  the

Attorney for the Trustee, and Trustee,

Plaintiff

v.                                                          Bankruptcy Case No 18-13187-LSS, Chapter 7,

(Adversary No: 20-0135-LSS)

Patricia V. Wood, Co-Owner of the Property,

Defendant

## Certificate of Service

I Patricia V. Wood the defendant, on May 28, 2021, am submitting this request for an Appeal of the Judgement decision in favor of the Trustee, Michael Wolff, in the Adversary Case 200135LSS of Bankruptcy case 18-13187-LSS, to sell the property located at 711 Otis Place NW Washington DC 20010, the residence of Patricia V. Wood, the co-owner and defendant, to satisfy the remaining debt of 44,000.00 of the debtor Cheryl A. Milton and Ricky D. Milton Bankruptcy Case 18-13187-LSS.  This request for a motion of Appeal which is electronically filed, will be email to Jeffery Orenstein, Trustee, at JeffreyOrenstein@wolawgroup.com, Michael D. Wolff, Trustee at mwolff@wolawgroup.com and to Ricky D. Milton and Cheryl A. Milton at CherylMilton2@gmail.com.