## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

PATRICIA WOOD,

    Appellant,

v.

MICHAEL G. WOLFF, *Trustee*,

    Appellee.

Civil Action No. TDC-21-1336

## MEMORANDUM ORDER

Appellant Patricia Wood has filed this appeal of a judgment in an adversary proceeding before the United States Bankruptcy Court for the District of Maryland in favor of Appellee Michael G. Wolff ("the Trustee"). The appeal contests the bankruptcy court's ruling authorizing the Trustee to sell property to satisfy an outstanding debt. Pending before the Court is the Trustee's Motion to Dismiss, in which the Trustee argues that the appeal should be dismissed as untimely filed. In response to the Motion, Wood has filed a "Motion to Not Dismiss Appeal," which the Court construes as a memorandum in opposition to the Motion. ECF No. 6. The Motion is fully briefed, and the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED, and the appeal will be dismissed

The bankruptcy court entered its judgment on May 3, 2021 ("the Judgment"), which resolved "the sole claim in the adversary complaint," Judgment at 1, ECF No. 1-1, and was thus a "final judgment[]" from which an appeal could be taken. 28 U.S.C. § 158(a)(1) (2018). Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a "notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."

Fed. R. Bankr. P. 8002(a). Here, the 14-day period for filing a notice of appeal expired on May 17, 2021. Wood did not file a notice of appeal within that time period. On May 28, 2021, 11 days after the expiration of the deadline, Wood filed with the bankruptcy court a document entitled "Appeal the Decision Judg[]ment of the Adversar[y] Case No. 20-0135-LSS, that Was Established on April 28, 2021, to Sell Property" ("the Appeal"), in which she stated that she was "submitting this request for an Appeal" of the Judgment in favor of the Trustee and advanced arguments on why the appeal should be granted, including that the bankruptcy court improperly denied several of her requests for a continuance of the hearing resulting in the Judgment. Appeal at 1-3, ECF No. 1. Even if Wood's filing is construed as a notice of appeal, it was untimely. Rule 8002(a)'s 14-day time limit is subject to limited exceptions, none of which apply here. *See* Fed. R. Bankr. P. 8002. For example, the deadline is tolled if a party files one of four specific motions related to amending or altering the judgment or reopening the bankruptcy court proceedings, none of which were filed here. Fed. R. Bankr. P. 8002(b).

The bankruptcy court may "extend the time to file a notice of appeal upon a party's motion that is filed" within 14 days of the entry of judgment or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Wood did not file a motion to extend the deadline either by the expiration of the original 14-day period on May 17, 2021, or within the following 21-day period which ended on June 7, 2021. Although Wood filed the Appeal on May 28, 2021, within that 21-day period for filing a motion to extend the deadline, the Court cannot construe the Appeal as including such a motion because it does not request more time to file a notice of appeal or provide any argument or explanation for the late filing that could form the basis of a finding of excusable neglect. Notably, the bankruptcy court effectively determined that the Appeal did not include a motion to extend the deadline, did not establish excusable neglect, or

2

both when it concluded, in denying Wood's later Motion for Waiver of the Appeal Filing Fee, that because Wood "filed the notice of appeal after the 14 day deadline," her appeal was "not meritorious as a matter of law." Order Denying Mot. for Waiver, *Wolff v. Wood*, No. 20-00135 (Bankr. D. Md. June 1, 2021) (Dkt. No. 51).

Wood does not argue that her appeal is timely, that she filed a motion to extend the deadline, or that she established excusable neglect for failing to file a timely notice of appeal. Although she references, in both the Appeal and her memorandum in opposition to the Motion, the adverse impact of the COVID-19 pandemic on her ability to prepare for the hearing before the bankruptcy court in the adversary proceeding, she does not argue that such circumstances prevented her from filing a notice of appeal. Instead, she relies on her self-represented status, inability to retain counsel, and lack of knowledge of the relevant procedures to argue against dismissal. Rule 8002, however, establishes a mandatory deadline for filing a notice of appeal and includes the option to request more time before that deadline or show excusable neglect after it, steps that could have been taken without counsel and had to have been taken during the designated time period. Because Wood did not timely file a notice of appeal or comply with the requirements for seeking and obtaining additional time, dismissal is warranted. *See In re Caterbone*, 640 F.3d 108, 110, 113-14 (3d Cir. 2011); *Ballard v. Tamojira, Inc.*, No. 96-1745, 1997 WL 33062, at *1 (4th Cir. Jan. 29, 1997) (unpublished).

3

Accordingly, it is hereby ORDERED that:

1. The Trustee's Motion to Dismiss, ECF No. 4, is GRANTED.

2. Wood's appeal is DISMISSED.

3. The Clerk is directed to close this case.

Date: September 21, 2021

THEODORE D. CHUANG
United States District Judge